## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In re:                                       :
                                             :       Case No. 18-50300
    Landash Corporation                :
                                             :       Chapter 7
                                             :
        Debtor.                    :       Judge C. Kathryn Preston
_____      :
                                             :
In re:                                       :

    Jason E. Adkins             .  :       Case No. 18-50671
                                             :
                                             :       Chapter 7
                                             :
        Debtor.                    :       Judge C. Kathryn Preston

---

Amy L. Bostic, Trustee                              :
1160 Dublin Road, Suite 400
Columbus, OH  43215-3374                     :
                                             :
     Plaintiff,                     :
                                             :
v.                                           :       Adv. Pro. No. 19-

**Abington Emerson Capital, LLC**
11100 Santa Monica Blvd., Ste. 260
Los Angeles, CA 90025

**A& B Retreading LLC c/o**
Jason Adkins
 885 Sternberger Road
Jackson, OH 45640

**ACAR Leasing LTD**
d/b/a GM Financial Leasing
PO Box 183853
Arlington, TX 76096

**Addison Holdings, LLC**
6410 Business Park Loop, Ste B
Park City, UT 84098

**Adkins Tire LLC c/o**
Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Ally Bank**
P. O. Box 9001951
Louisville KY 40290

**American Tire Corporation**
c/o Jason Adkins
 885 Sternberger Road
Jackson, OH 45640

**Anthony Amos**
53 Brownsville Road
New Matampras OH 45767

**Judy Blatz**
451 Sandpiper St
Lima, OH 45801

**Brent Bobo**
100 Nurad Rd.
Athens, OH 45701

**Bobo Trust**
100 Nurad Rd.
Athens, OH 45701

**Calrex LLC**
4217 Nightfall Dr.
Plano, TX 75092

**Cap Call LLC**
c/o Jacob Verstandig
122 East 42nd Street, Suite 2112
New York, NY 10168

**Capital Stack, LLC**
11 Broadway, Ste. 814
New York, NY 10004

**Capital Advance Services LLC**
30 East Broad Street
Suite 14108
New York, NY 10004

**Capital One Bank USA NA**
PO Box 71083
Charlotte NC 282721083

**Chase Auto**
P. O. Box 901060
Forth Worth TX 76101-2060

**Rexie Cheatle**
40020 Staneart Road
Albany OH 45710

**Callie Coutris**
4411 Westway Ave.
Dallas, TX 75205

**Dominion OTR Tire Enterprises LLC**
2720 North Stemmons Freeway
Suite 700
Dallas TX 75229

**Craig E. Donley**
8657 Cavecreek Ct.
Powell, OH 43065

**Draft Cargoways India Private Limited**
C/O Jay P Ojha
9301 Southwest Freeway, Ste 405
Houston, TX 77074

**Shawn A Dubziak**
2143 Kevin Court NE
New Philadelphia, OH 44663

**Casey Dunfee**
225 Louise Ln.
Athens, OH 45701

**David Edwards**
16025 South 50th, Apt. 1045
Phoenix, AZ 85048

**Jamie Edwards**
2940 E. Hartford Ave.
Phoenix, AZ 85032

**Maurice Ellison**
c/o James W. Ehrman
2344 Canal Road, Suite 401
Cleveland, OH 44113

**EIN Capital**
160 Pearl St., 5th Fl.
New York, NY 10005

**Elephant OTR LLC c/o**
Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**EPK Financial Corporation**
C/O Edward P. King  5944
Luther #300
Dallas, TX 75225

**David Faulkner**
4524 N. Versailles Ave.
Dallas, TX 75205

**Filoquip Resources LLC**
1000 N. Green Vallaey Parkway
Henderson NV 89074

**FisherBroyles, LLP**
445 Park Avenue, 9th Floor
New York, NY 10022

**Giant Tyres USA LLC**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Ghost Rocket Music, LLC**
c/o Joseph C. Pickens
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, OH 43215

**Great Southland Ltd**
c/o Matthew S. Brown
366 East Broad St.
Columbus, OH 43215

**Hamilton Distribution LLC**
PO Box 3661
St. Petersburg, FL

**Bruce Hann**
745 Hann Lane
Athens, OH 45701

**Joshua Hebb**
410 Nurad Rd.
Athens, OH 45701

**Nate Hines**
1598 Greenview Dr.
Grove City, OH 43123

**HM2, LLC**
4026 Coneflower Ln
Maumee, OH 43537

**Houston Goodyear Joint Venture**
c/o Richard G. Dafoe
1601 Elm Street, Suite 4100
Dallas, TX 75201

**Iron City LLC c/o**
Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Ironside, Inc.**
40 Christie St
Tenafly, NJ 07670

**Ironside, LLC.**
40 Christie St
Tenafly, NJ 07670

**Jenvic Holdings, LLC**
c/o Thomas R. Allen, Esq.
Allen Kuehnle Stovall & Neuman LLC
17 South High Street, Suite 1220
Columbus, OH 43215

**King Tire Allocation Tranche 2 Joint Venture**
c/o Richard G. Dafoe
1601 Elm Street, Suite 4100
Dallas, TX 75201

:

**Kirby Development LLC**
c/o Sean R. Keegan,
Babst Calland
Two Gateway Center, 6th
Floor
Pittsburgh, PA 15222

**Scott Kiger**
130 Meadow Ridge Road
Mount Morris, PA 15349

**Knight Nguyen
Investments**
23603 W. Fernhurst, Ste.
2104
Katy, TX 77494

**LAD Impex**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Landash Texas LLC**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Landash USA Corporation**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Land Rover Financial**
P. O. Box 78069
Phoenix AZ 85062

**Lane Aviation
Corporation**
Attn: Brenda K. Bowers,
Esq. (VSSP, LLP)
52 E. Gay St.
PO Box 1008
Columbus, OH 43216-1008

**Gabe Langenderfer**
1470 Cape Sable Drive
Melbourne, FL 32940

**Nick Lather**
722 Lancaster St.
Marietta, OH 45750

**Legends Group**
12636 High Bluff Drive
San Diego CA 92130

**LoanMe Inc.**
1900 S. State College Blvd
Suite 300
Anaheim, CA 9280

**David Lusk**
1336 Hanley Road
Jackson OH 45640

**Tim Mages**
2853 Arabian Court NE
Marietta GA 30062

**Meridian PO Finance,
LLC** C/O Johnson Law
Office PLC 2812 N.
Norwalk #105
Mesa, AZ 85215

**Midwest Coal LLC**
153 South Bingham Street
Oak Hill, OH 45656

**Midwest OTR Corporation**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Mountaineer Mining Corporation**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Amy Newlove**
3935 Vana Dr
Sarasota, FL 34241-5943

**Newrad Properties LLC**
722 Lancaster Street
Marietta, OH 45750

**North American Mining Equipment LLC**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**John O'Connor**
9038 Audubon Drive
Gibsonia, PA 15044

**The O'Connor Group LP**
9038 Audubon Dr
Gibsonia, PA 15044

**Ohio Valley Corporation**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**1 Ragagazi Corporation**
c/o Jason Adkins
885 Sternberger Road
Jackson, OH 45640

**Osborne Holdings, LP**
c/o Ryan Osborne
4017 McFarlin Boulevard
Dallas, TX 75205

**Origin Mining PTE Ltd**
442 Serangoon Road
#03-01
Singapore (218135)

**OTR Tires Direct Inc.**
9038 Audubon Dr.
Gibsonia, PA 15044

**Ashli Page**
4557 Lorraine Ave.
Dallas, TX 75205

**Payroll Funding Co., LLC**
2809 High Sail Ct.
Las Vegas, NV 89117

**CR Pratt**
69 Nurad Road
Athens, OH 45701

**Jack Radke**
3501 N. Central Expressway
McKinney TX 75071

**RETAIL CAPITAL LLC DBA CREDIBLY**
c/o Weltman, Weinberg & Reis, Co.,L.P.A.
323 W. Lakeside Avenue
Cleveland, OH 44113

**Charles B. Riggs**
130 Meadow Ridge Road
Mount Morris PA 15349

**Irma Rivera**
PO Box 1347
Bronx, NY 10471

**Roadmaster Trucking, Inc.**
C/O Carlos Musetti, Jr.
21107 White River Court
Richmond, TX 77469

**Sandstone Funding LLC**
c/o Douglas E. Robinson
122 East 24th Street, Suite
2112
New York, NY 10168

**Daniel Scala**
230 E. 78th Street
Apt. 3
New York, NY 10075

**Chris Schiltz**
1120 Linden Ave.
Findlay, OH 45840

**Rob Schroeder**
5852 Sweetgum Dr.
Monclova, OH 43542

**Sandy Schroeder**
2813 Northgate Blvd
Findlay, OH 45840

**Darius Scott**
1585 Atwater Ave
Circleville, OH 43113

**Gina Scott**
1585 Atwater Ave
Circleville, OH 43113

**SECO Ventures LTD**
c/o Vincent Ney
4711 Shavano Oak
Suite 102
San Antonio TX 78249-
4026

**Eric E. Shook**
135 North Washington treet
Tiffin, OH 44883

**Jan Shroy**
745 Hann Lane
Athens, OH 45701

**Southern Cross Trading
International**
7303 NW 79th Terrace
Medley FL 33166-2211

**Star   Funding,   Inc.**
C/O   Jo-Ann   Erhard
Star Funding, Inc.
237 West 37th Street, 5th Floor  New
York, NY 10018

**Benjamin L Streacker**
839 Beech Ave
Findlay, OH 45840

**1015 Payments LLC**
c/o Trevor Hammers
85 Grant St.
Unit 8
Denver, CO 80203

**Terre Roche LLC**
c/o Richard G. Dafoe
1601 Elm Street, Suite 4100
Dallas, TX 75201

**Lucien J. Tujague, Jr**
2720 N. Stemmons Freeway
Suite 700 S. Tower
Dallas TX 75207

**Steven Tye**
520 Shepherd Ave.
Winter Park, FL 32789

**Vecron Exim Ltd.**
c/o Steven N. Leitess, Esq.
201  N.  Charles  Street,  26th
Floor
Baltimore, MD 21201

**Verizon**
by American InfoSource
PO Box 248838
Oklahoma City OK 731248838

**Dave Vosefski**
6854 Stagecoach Rd. NW
Rushville, OH 43150

**WBL SPO 1, LLC**
101 Hudson St., 33d Floor
Jersey City, NJ 0730

**Wells Fargo Bank**
420 Montgomery Street
San Francisco CA 94104

**Wells Financing, Inc**.
c/o Katharine Battaia Clark
Thompson & Knight LLP
1722 Routh St., Suite 1500
Dallas, TX 75201

**Worldwide Options LLC**
16192 Coastal Highway
Lewes, DE 19958

**XPO Global Forwarding, Inc.**
c/o Tiffany Strelow Cobb
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215

**Liliana Andrea Lopera Zapata**
c/o Moses Luna, Esq.
1403 S. Main St.
Santa Ana, CA 92707

**Ed Zatta**
4835 Old US Route 33
Athens Ohio 45701

## COMPLAINT FOR DECLARATORY JUDGMENTS, TO AVOID INTERESTS AND FOR OTHER RELIEF

**Jurisdiction and Venue**

1.      Jurisdiction over this Adversary Proceeding is proper pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and the General Order of Reference entered in this District.

2.      Venue over this Adversary Proceeding is proper pursuant to 28 U.S.C. §1409.

3.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (K), (N), and (O) and it arises in the Chapter 7 cases filed by Landash Corporation, and Jason E. Adkins.

**The Parties**

4.      Debtor, Landash Corporation, ("Landash") is a Delaware Corporation with its principal place of business in Jackson, Ohio, which filed its voluntary Chapter 7 bankruptcy petition on January 22, 2018.

5.      Debtor, Jason Adkins ("Adkins") is an individual residing in Jackson, Ohio, who filed his voluntary Chapter 7 case on February 9, 2018.

6.      Plaintiff, Amy L. Bostic, Trustee, ("Plaintiff") is the appointed and acting trustee in the bankruptcy cases filed by the Landash and Adkins.

7.      Defendants generally are creditors of Landash, and/or Adkins, and/or are otherwise parties-in-interest in one or both of these bankruptcy cases, or are parties who may claim an interest in the Tires, defined below.

**Background Facts**

8.      Landash filed a voluntary Chapter 7 bankruptcy petition on January 22, 2018 (Case No. 18-50300).

9.      Adkins filed his voluntary Chapter 7 bankruptcy petition on February 9, 2018 (Case No. 18-50671).

10.     On its Schedule B, Landash listed numerous Off-The-Road tires which were stored at a storage facility located at 4513 Oates Road, Houston TX 77013 ("Houston Storage Facility").

11.     Plaintiff had identified approximately 148 large, off-the-road tires which were actually at the Houston Storage facility on the date of the bankruptcy filing and which are at issue in this adversary proceeding.

12.     Numerous creditors and parties-in-interest, including many Defendants, have alleged that Landash, Adkins, and/or other parties have engaged in fraudulent schemes relating to these tires, the result of which is multiple parties claiming ownership, security, or other interests in certain of or all of the Tires.

13.     The Houston Storage facility is, upon information and belief, owned by Defendant, Roadmaster Trucking, Inc. ("Roadmaster") which takes direction relating to the Tires from Defendant, XPO Global Forwarding, Inc. ("XPO").

14.     On August 6, 2018, Plaintiff filed a Motion Authority to Sell Tire Inventory Free and Clear of Interests and to Pay Auctioneer filed August 6, 2018 (Landash Case, Doc #79) ("Sale Motion")

15.      After notice and a hearing, and pursuant to an Order Granting Trustee's Motion for Authority to Sell Tire Inventory Free and Clear of Interests Pursuant to 11 U.S.C. Section 363(f), Bankruptcy Rule 6004, and Local Bankruptcy Rule 6004-1 and to Pay Auctioneer and Overruling Objection of Terre Roche LLC, entered on October 15, 2018 (Landash Case, Doc #147)("Sale Order"), the Court authorized Plaintiff to sell the Tires pursuant to the terms and conditions set forth in the Sale Order.

16.     Pursuant to the Sale Order, among other things, any and all interests of Defendants in the Tires transfer to the proceeds from the sale of the Tires, which interests are to be resolved in this adversary proceeding.  The Sale Order stated, in part:

IT IS FURTHER ORDERED that any and all such interests in any of the Tires of any person, including, but not limited to, Terre Roche, shall attach to the proceeds thereof to the same extent and with the same validity, priority, force and effect that they now have as against the Tires, subject to any claims and defenses the estate may possess with respect thereto.  No rights of any kind with respect to the Tires, including but not limited to ownership, lien, or any and all other rights are terminated or altered upon the sale of the Tires.  Rather, those interests shall attach to the proceeds from the sale of the Tires.

17.     Most of these tires were sold via on-line auction.

18.     An amended report of sale which was filed on July 8, 2019 (Landash Case, Doc #190), and which identifies the proceeds received from the sale of the tires is attached hereto as Exhibit A.

19.     Several of the tires could not be sold at auction or otherwise, and these tires were abandoned by the Plaintiff after notice on May 29, 2019 (Landash Case, Doc #175)("Abandonment")("Abandoned Tires").  The Abandonment is attached hereto as Exhibit B.

20.     The tires identified on Exhibit A (which excludes the Abandoned Tires) are the tires at issue in this adversary proceeding and shall be identified hereafter as "Tires."

21.     To the extent that any Defendant in any Count has filed a proof of claim in either or both cases, Plaintiff is not objecting to the amount of any proof of claim at this time, but reserves the right to do so in the future.  To the extent that the Court makes any determination as to the validity of a security interest held or claimed by a Defendant, such a determination may affect the status of a claim as secured or unsecured.

**Count I:  Parties with No Ownership, Security or Other Interest in Tires**

22.  Plaintiff incorporates and re-alleges Paragraphs 1-21 as if fully rewritten herein.

23.  Upon information and belief, and based upon Trustee's review of the schedules and statement of financial affairs filed by Landash and Adkins, as well as proofs of claims filed in these cases, the following Defendants do not claim and do not have any ownership, security, or other interest in the Tires, and are named herein out of an abundance of caution to allow all parties to assert any rights they believe they have in the Tires:  ACAR Leasing Ltd,  Ally Bank, Anthony Amos, Cap

Call LLC, Capital Stack LLC, Capital Advance Services, Capital One Bank USA NA, Chase Auto, Callie Coutris, Dominion OTR Tire Enterprises LLC, Jamie Edwards, EIN Capital, David Faulkner, Filoquip Resources LLC, FisherBroyles LLP, Ghost Rocket Music LLC,  Ironside, Inc., Ironside LLC, Scott Kiger, Land Rover Financial, Lane Aviation Corporation, Legends Group, LoanMe, Inc., David Lusk, Tim Mages, Mid-America Tire & Services of Hillsboro, Inc., Mid-America Tire of Hillsboro, Inc.,The O'Connor Group LP, Ashli Page, Payroll Funding Co. LLC, CR Pratt, Jack Radke, Retail Capital LLC DBA Credibly, Irma Rivera, Roadmaster Trucking, Inc., Sandstone Funding LLC, Daniel Scala, SECO Ventures LTD, Southern Cross Trading International, 1015 Payments LLC, Lucien J. Tujague, Jr., Steven Tye, Verizon, Wells Fargo Bank, Worldwide Options LLC, XPO Global Forwarding LLC, Lilliana Andrea Lopera Zapata, and Ed Zatta (Collectively, "Count I Defendants").

24.     Mid America Tire & Services of Hillsboro, Inc. filed a proof of claim in the Landash Case (No. 30), which claim was for indemnification only and asserted no interest in the Tires.  This claim has been or will be withdrawn.

25.     Any Count I Defendant who asserts an ownership, security, or other interest in any or all of the Tires must file an answer to this Complaint setting forth in detail such party's claimed interest in the Tires, including the specific Tires in which such an interest is claimed.

26.     Any Count I Defendant who asserts an interest in any of the Tires and whose interest would have caused Plaintiff to include such Defendant in another Count of this Complaint shall be treated as a Defendant in such Count, and subject to the same relief sought, without the need for amendment of this Complaint.

27.     Any Count I Defendant who does not file an answer or other response to this Complaint and who does not assert an interest in the Tires will be deemed, upon entry of a default judgment, to have no interest of any kind in any of the Tires.

28.     Plaintiff is entitled to a judgment finding and declaring that Count I Defendants have no interest of any kind in any of the Tires.

**Count II:  Parties Related to Landash and/or Adkins**

29.     Plaintiff incorporates and re-alleges Paragraphs 1-21 as if fully re-written herein.

30.     Upon information and belief, the following Defendants are parties affiliated with Landash and/or Adkins or are listed as DBAs on Adkins bankruptcy petition and schedules:  A& B Retreading LLC, Adkins Tire LLC, American Tire Corporation, Elephant OTR LLC, Giant Tyres USA LLC, Iron City LLC, LAD Impex, Landash TX LLC, Landash USA Corporation, Midwest Coal LLC, Midwest OTR Corporation, Mountaineer Mining Corporation, North American Mining Equipment LLC, Ohio Valley Corporation, and I Ragagazi Corporation (Collectively, "Count II Defendants").

31.     Count II Defendants either have no interest in any of the Tires or such interests are inferior to the rights of Plaintiff, as Trustee of each bankruptcy estate and/or are inferior to the rights of other Defendants.

32.     Any Count II Defendant who asserts an ownership, security, or other interest in any or all of the Tires must file an answer to this Complaint setting forth in detail such party's claimed interest in the Tires, including the specific Tires in which an interest is claimed.

33.     Any Count II Defendant who asserts an interest in any of the Tires and whose interest would have caused Plaintiff to include such Defendant in another Count of this Complaint shall be treated as a Defendant in such Count, and subject to the same relief sought, without the need for amendment of this Complaint.

34.     Any Count II Defendant who does not file an answer or other response to this Complaint and who does not assert an interest in the Tires will be deemed, after entry of default judgment, to have no interest of any kind in any of the Tires.

35.     Plaintiff is entitled to a judgment finding and declaring that Count II Defendants have no interest of any kind in any of the Tires.

### Count III:  Parties with Unknown Interests

36.     Plaintiff incorporates and re-alleges Paragraphs 1-21 as if fully-re-written.

37.     The following Defendants have been identified in an adversary proceeding filed in the Landash case by XPO, styled XPO Global Forwarding LLC v. Kirby Development, et al ("XPO adversary proceeding") (S.D. Ohio 18-2030) as having or possibly having an interest in the Tires, which interest, if any, in currently unknown to Plaintiff (Other Defendants in the XPO Adversary Proceeding are addressed in other Counts of this Complaint where there purported interest is known to Plaintiff):  Draft Cargoways India Private Limited, EPK Financial Corporation, Star Funding, Inc. (Collectively "Count III Defendants").

38.     Count III Defendants have not filed proofs of claim in either the Landash or Adkins cases and are not listed in the schedules in either case.

39.     Any Count III Defendant who asserts an interest in any or all of the Tires must file an answer to this Complaint setting forth in detail such party's claimed interest in the Tires, including the specific Tires in which an interest is claimed.

40.     Any Count III Defendant who asserts an interest in any of the Tires and whose interest would have caused Plaintiff to include such Defendant in another Count of this Complain shall be treated as a Defendant in such Count, and subject to the relief sought, without the need for amendment of this Complaint.

41.     Any Count III Defendant who does not file an answer or other response to this Complaint and who does not assert an interest in the Tires will be deemed to have no interest of any kind in any of the Tires.

42.     Plaintiff is entitled to a judgment finding and declaring that Count III Defendants have no interest of any kind in any of the Tires.

**Count IV:  Parties with Collateral Assignments of Tires**

43.     Plaintiff incorporates and re-alleges Paragraphs 1-21as if fully-re-written.

44.     The following Defendants are parties with Debtor to one or more documents titled "Collateral Assignment of Tires"("CAOT") (A CAOT is attached hereto as Exhibit C)[1]:  Addison Holdings LLC, Judy Blatz, Brent Bobo, Bobo Trust, Caltrex LLC, Rexie Cheatle, Craig E. Donley, Shawn A. Dubziak, Casey Dunfee, David Edwards, Joshua Hebb, Nate Hines, HM2 LLC, Gabe Langenderfer, Nick Lather, Amy Newlove, Newrad Properties LLC, Chris Schiltz, Rob Schroeder, Sandy Schroeder, Darius Scott, Gina Scott, Eric E. Shook, Benjamin J. Streacker, and Dave Vosefski (Collectively, "Count IV Defendants").

45.     Pursuant to the CAOT applicable to each Count IV Defendant, Landash purportedly granted "a first priority, perfected security interest in" certain tires (See, Paragraph 4 of Exhibit C).

46.     The CAOT further provided each Count IV Defendant "the right to file such UCC-1 Financing Statements as may be required to perfect its security interest." (See, Paragraph 4 of Exhibit C).

47.   The tires which are purportedly covered by each CAOT are identified on an exhibit to each CAOT.

48.     With the exception of one CAOT to which Defendant Newrad Properties is a party, described below, as described below, none of the CAOT identify a serial number for any tire purportedly covered by the CAOT[2].  Common descriptions of tires covered include "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models," "Quantity 2 46-90R57 Goodyear," 6 Michelin 4000r57," and "Quantity 75 4000R57 Michelin."  In some instances, there is no description of tires attached or the attachment is blank.

---

[1] The CAOT all appear to have the same operative terms and provisions.
[2] Without serial numbers, Plaintiff cannot confirm that any of the CAOT even are applicable to the Tires sold by Plaintiff pursuant to the Sale Order.

49.     Defendant, Newrad Properties ("Newrad") has filed Proof of Claim No. 49 (Adkins) as a general unsecured claim in the amount of $743,741.00, which claim and attachments are incorporated herein.

50.     Defendant Newrad Properties is a party to several CAOT with Debtor.  The CAOT dated September 26, 2017 in the amount of $55,000 ("Newrad 9/26/17 CAOT") identifies six Goodyear 46/90R57 tires by serial numbers.   Three of these—Serial Numbers 0114MJ0591. 0514MJ2398, and 0514MJ2412 appear on the list of Tires, while the three others do not.

51.     With the exception of the Newrad 9/26/2017 CAOT, none of the other CAOT specifically identify any tire with the specificity required under Chapter 9 of the Uniform Commercial Code, or other applicable law sufficient to grant a security interest in any tire, including any of the Tires.

52.     Defendant, Addison Holdings LLC ("Addison") has filed Proof of Claim No. 13 (Adkins) and No. 7 (Landash) as a general unsecured claim in the amount of $2,408,924.

53.     Defendant Addison is a party to one of more CAOT, copies of which are not attached to its proofs of claim, but which were provided to Plaintiff.   These proofs of claim and all attachments are incorporated herein by reference.

54.     The description of tires purportedly subject to the CAOT to which Defendant Addison is as follows:   "Twelve (12) Goodyear Mining Tires Model 3700R57" with no serial numbers listed (CAOT dated January 14, 2016 and April 8, 2016) and no description of any kind is attached to one CAOT dated January 14, 2016.

55.     Defendant, Judy Blatz ("Blatz") has filed Proof of Claim No.24 (Adkins) and No. 18 (Landash) as a general unsecured claim in the amount of $16,500.00.

56.     Defendant Blatz is a party to one of more CAOT, copies of which are attached to her proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

57.     The description of tires purportedly subject to the CAOT to which Defendant Blatz is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models," with no serial numbers listed (on 3 CAOT dated August 1, 2016, October 23, 2016, and January 5, 2017).

58.     Defendant, Brent Bobo ("Bobo") has filed Proof of Claim No. 42 (Adkins) and No. 36 (Landash) as a general unsecured claim in the amount of $282,360.00.

59.     Defendant Bobo is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

60.     The description of tires purportedly subject to the CAOT to which Defendant Bobo is as follows:  "Twelve (12) Goodyear Mining Tires Model 3700R57" with no serial numbers listed. (CAOT dated December 2, 2015, January 14, 2016, February 19, 2016, May 9, 2016, July 20, 2016); "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery. Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models," (CAOT dated September 30, 2016, October 15, 2016, January 5,, 2017, January 13, 2017, January 14, 2017); and a blank description (CAOT dated August 17, 2016).

61.     Defendant, Bobo Trust ("Bobo Trust") has filed Proof of Claim No. 52 (Adkins) and No. 44 (Landash) as a general unsecured claim in the amount of $222,216.00.

62.     Defendant Bobo Trust is a party to one of more CAOT, copies of which are attached to its proofs of claim.   These proofs of claim and all attachments are incorporated herein by reference.

63.     The description of tires purportedly subject to the CAOT to which Defendant Bobo Trust is as follows:  "Twelve (12) Goodyear Mining Tires Model 3700R57" with no serial numbers listed; (CAOT dated March 11, 2016, May 9, 2016, June 1, 2016(2); and February 19, 2017).

64.     Defendant, Calrex LLC ("Calrex") has filed Proof of Claim No. 18 and 22 (Adkins) and No. 16 (Landash) as a general unsecured claim in the amount of $132,000.00.

65.     Defendant Calrex is a party to one of more CAOT, copies of which are attached to its proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

66.     The description of tires purportedly subject to the CAOT to which Defendant Calrex is as follows:  "Quantity 2 46-90R57 Goodyear" with no serial numbers listed. (CAOT dated January 26, 2016).

67.     Defendant, Rexie Cheatle ("Cheatle") has filed Proof of Claim No. 50 (Adkins) and No. 43 (Landash) as a general unsecured claim in the amount of $20,073.00.

68.     Defendant Cheatle is a party to one of more CAOT, copies of which are attached to its proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

69.     The description of tires purportedly subject to the CAOT to which Defendant Cheatle is as follows:  "6 Michelin 4000r57" with no serial numbers listed. (CAOT dated August 1, 2016); "Some quantity or a portion of a quantity of Off-The Road (OTR) tires for heavy machinery. Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models," (CAOT dated October 23, 2016, December 5, 2016, January 5, 2017, and March 3, 2017).

70.     Defendant, Craig E. Donley ("Donley") has filed Proof of Claim No. 7 (Adkins) and No. 6 (Landash) as a general unsecured claim in the amount of $730,000.00.

71.     Defendant Donley is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

72.     The description of tires purportedly subject to the CAOT to which Defendant Donley is as follows:  "Six (6) Michelin Mining Tires 4000R57)" with no serial numbers listed. (CAOT dated April 1, 2016).

73.     Defendant, Shawn A. Dubziak ("Dubziak") has filed Proof of Claim No. 8 (Adkins) as a general unsecured claim in the amount of $62,000.00.

74.     Defendant Dubziak is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

75.     The description of tires purportedly subject to the CAOT to which Defendant Dubziak is as follows:  "Twelve (12) Goodyear Mining Tires Model 3700R57" with no serial numbers listed. (CAOT dated June 1, 2016); "6 Michelin 400r57" with no serial numbers identified (CAOT dated August 1, 2016); Blank description (CAOT dated August 17, 2016).

76.     Defendant, Casey Dunfee ("Dunfee") has filed Proof of Claim No. 35 (Adkins) and No. 28 (Landash) as a general unsecured claim in the amount of $158,825.00.

77.     Defendant Dunfee is a party to one of more CAOT, copies of which are attached to its proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

78.     The description of tires purportedly subject to the CAOT to which Defendant Dunfee is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models," with no serial numbers listed. (CAOT dated January 5, 2017 and February 21, 2017).

79.     Defendant, David Edwards ("Edwards") has filed Proof of Claim No. 28 (Adkins) and No. 22 (Landash) as a general unsecured claim in the amount of $64,366.00.

80.     Defendant Edwards is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

81.     The description of tires purportedly subject to the CAOT to which Defendant Edwards is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated May 9, 2016, August 12, 2016, October 1, 2016, January 14, 2017, and March 15, 2017).

82.     Defendant, Joshua Hebb ("Hebb") has filed Proof of Claim No. 36 (Adkins) and No. 29 (Landash) as a general unsecured claim in the amount of $309,810.00.

83.     Defendant Hebb is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

84.     The description of tires purportedly subject to the CAOT to which Defendant Hebb is as follows:  "Twelve (12) Goodyear Mining Tires Model 3700R57" with no serial numbers listed. (CAOT dated February 19, 2016 and July 20, 2016); "6 Michelin 4000r57" with no serial numbers listed (CAOT dated August 1, 2016); "75 4000R57 Michelin" with no serial numbers listed (CAOT dated August 8, 2016 and August 10, 2016); "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed (CAOT dated September 12, 2016, September 30, 2016, December 11, 2016, December 14, 2016, and January 5, 2017).

85.     Defendant, Nate Hines ("Hines") has filed Proof of Claim No. 44 (Adkins) and No. 38 (Landash) as a general unsecured claim in the amount of $31,200.00.

86.     Defendant Hines is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

87.     The description of tires purportedly subject to the CAOT to which Defendant Hines is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated December 11, 2016).

88.     Defendant, HM2, LLC ("HM2") has filed Proof of Claim No.53 (Adkins) and No. 45 (Landash) as a general unsecured claim in the amount of $93,400.00.

89.     Defendant HM2 is a party to one of more CAOT, copies of which are attached to its proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

90.     The description of tires purportedly subject to the CAOT to which Defendant HM2 is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated December 14, 2016).

91.     Defendant, Gabe Langenderfer ("Langenderfer") has filed Proof of Claim No. 14 (Adkins) and No. 1 (Landash) as a general unsecured claim in the amount of $18,689.25.

92.     Defendant Langenderfer is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

93.     The description of tires purportedly subject to the CAOT to which Defendant Langenderfer is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated December 14, 2016 and March 11, 2017).

94.     Defendant, Nick Lather ("Lather") has filed Proof of Claim No. 39 (Adkins) and No. 32 (Landash) as a general unsecured claim in the amount of $65,568.00.

95.     Defendant Lather is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

96.     The description of tires purportedly subject to the CAOT to which Defendant Lather is as follows:  "Twelve (12) Goodyear Mining Tires Model 3700R57" with no serial numbers listed. (CAOT dated May 9, 2016); "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated October 1, 2016, October 23, 2016, January 5, 2017, January 14, 2017, and March 5, 2017); "6 Michelin 4000r57" with no serial numbers listed (CAOT dated August 1, 2016): "75 Michelin 4000R57" with no serial numbers listed (CAOT dated August 12, 2016).

97.     Defendant, Amy Newlove ("Newlove") has filed Proof of Claim No. 18 (Adkins) and No. 12 (Landash) as a general unsecured claim in the amount of $68,129.00.

98.     Defendant Newlove is a party to one of more CAOT, copies of which are attached to her proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

99.    The description of tires purportedly subject to the CAOT to which Defendant Newlove is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated October 23, 2016 and January 5, 2017); "(6) Michelin 4000r57" with no serial number listed (CAOT dated August 1, 2016).

100.    Defendant, Chris Schiltz ("Schiltz") has filed Proof of Claim No. 41 (Adkins) and No. 35 (Landash) as a general unsecured claim in the amount of $13,207.00.

101.    Defendant Schiltz is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

102.    The description of tires purportedly subject to the CAOT to which Defendant Schiltz is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated January 5, 2017).

103.    Defendant, Rob Schroeder ("Rob Schroeder") has filed Proof of Claim No. 33 (Adkins) and No. 26 (Landash) as a general unsecured claim in the amount of $140,501.00.

104.    Defendant Rob Schroeder is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

105.    The description of tires purportedly subject to the CAOT to which Defendant Rob Schroeder is as follows:  "Twelve (12) Goodyear Mining Tires Model 3700R57" with no serial numbers listed. (CAOT dated February 25, 2016, May 9, 2016, July 20, 2016, and August 1, 2016); "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery. Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated January 5, 2017, January 13, 2017, January 14, 2017).

106.    Defendant, Sandy Schroeder ("Sandy Schroeder") has filed Proof of Claim No. 40 (Adkins) and No. 34 (Landash) as a general unsecured claim in the amount of $10,574.00.

107.    Defendant Sandy Schroeder is a party to one of more CAOT, copies of which are attached to her proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

108.    The description of tires purportedly subject to the CAOT to which Defendant Sandy Schroeder is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated January 14, 2017).

109.    Defendants, Darius and Gina Scott (collectively "Scott") have filed Proofs of Claim No. 3 and 21 (Adkins) and No. 21 (Landash) as a general unsecured claim in the differing amounts of $47,115.00 and 31,162.00.

110.    Defendant Darius Scott is a party to one of more CAOT, copies of which are attached to their proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

111.    The description of tires purportedly subject to the CAOT to which Defendant Darius Scott is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated October 4, 2016, December 5, 2016, January 5, 2017, March 11, 2017); "Quantity 75 4000R57 Michelin"  with no serial numbers identified (CAOT dated August 7, 2016; Blank description (CAOT dated January 9, 2016.

112.    Defendant, Eric E. Shook ("Shook") has filed Proof of Claim No. 38 (Adkins) and No. 33 (Landash) as a general unsecured claim in the amount of $71,500.00.

113.    Defendant Shook is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

27

114.    The description of tires purportedly subject to the CAOT to which Defendant Shook is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated March 15, 2017).

115.    Defendant, Benjamin Streaker ("Streaker") has filed Proof of Claim No. 34 (Adkins) and No. 27 (Landash) as a general unsecured claim in the amount of $25,156.00.

116.    Defendant Streaker is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

117.    The description of tires purportedly subject to the CAOT to which Defendant Streaker is as follows:  "Some quantity or a portion of a quantity of Off-The-Road (OTR) tires for heavy machinery.  Examples of such tires are the Michelin 4000r57 and Goodyear 46/90R57 models" with no serial numbers listed. (CAOT dated October 23, 2016, January 5, 2017);"6 Michelin 4000r57," with no serial numbers identified (CAOT dated August 1, 2016).

118.    Defendant, Dave Vosefski ("Vosefski") has filed Proof of Claim No. 43 (Adkins) and No. 37 (Landash) as a general unsecured claim in the amount of $17,100.00.

119.    Defendant Vosefski is a party to one of more CAOT, copies of which are attached to his proofs of claim.  These proofs of claim and all attachments are incorporated herein by reference.

120.    The description of tires purportedly subject to the CAOT to which Defendant Vosefski is as follows:  "Quantity 75 4000R57 Michelin."   with no serial numbers listed. (CAOT dated August 12, 2016).

121.    Upon information and belief, none of the Class IV Defendants have filed a UCC Financing Statement with respect to its CAOT or any tires purportedly covered by the CAOT.

122.    Upon information and belief, none of the Class IV Defendants have a perfected security interest against any of the Tires under any other applicable law.

a.      Relief Under 11 U.S.C. Section 544(a)

123.    Section 544(a) of the Bankruptcy Code (11 U.S.C. Section 544(a)) provides:

(a)   The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1)   a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2)   a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3)   a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

124.    Pursuant to 11 U.S.C. Section 544(a), Plaintiff may avoid the unperfected security

interests of each Count IV Defendants in any of the Tires.

b.      Relief Under 11 U.S.C. Section 547

125.    The purported granting of a security interest by Landash to each Class IV Defendant

in each CAOT shall be referred to in this Count as  "Transfer".

126.    Each Transfer constitutes the transfer of an interest of the Debtor Landash in

property.

127.    Each Transfer constitutes a transfer to or for the benefit of each Class IV Defendant, a

creditor of the Landash.

128.    Each Transfer constitutes a transfer on or account of an antecedent debt owed by

Landash before such transfer was made.

129.    Each Transfer was made while the Landash was insolvent.

29

130.    Each Transfer was made on or within 90 days before the date of the filing of the Landash's bankruptcy petition pursuant to 11 U.S.C. Section 547(e)(2)(C) in that it is deemed to have been made immediately before the filing of the bankruptcy case.

131.    Each Transfer enables each Count IV Defendant to receive more than it would receive if this case were a case under Chapter 7 of the Bankruptcy Code, the Transfer had not been made, and each Count IV Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

132.    Each Transfer constitutes a preferential transfer avoidable by Plaintiff pursuant to 11 U.S.C. §547.

133.    Pursuant to Section 11 U.S.C. Section 550 Plaintiff may recover the Transfer from each of the Count IV Defendants and pursuant to 11 U.S.C. Section 551, such avoided interests are preserved for the benefit of the bankruptcy estate.

134.    Plaintiff is entitled to a judgment against all Count IV Defendants pursuant to Section 544(a) and Section 547(b), avoiding any and all unperfected security interests of the Count IV Defendants in any of the Tires (pursuant to any CAOT attached to each Defendant's proof of claim, provided by Defendant to Plaintiff, and pursuant to any other CAOT to which any Class IV Defendant is or claims to be a party, whether or not specifically identified herein), and, pursuant to 11 U.S.C. Section 550, a judgment directing the recovery of such the interest from each of the Count IV Defendants and pursuant to 11 U.S.C. Section 551, preserving such avoided interests for the benefit of the bankruptcy estate.

135.    Any Count IV Defendant who asserts an interest in any of the Tires and whose interest would have caused Plaintiff to include such Defendant in another Count of this Complaint shall be treated as a Defendant in such Count, and subject to the relief sought, without the need for amendment of this Complaint.

**Count V:**      **Parties with Other Unperfected Security Interests or Oher Interests and**

**Who did not Respond to the Sale Motion**

136.      Plaintiff incorporates and re-alleges Paragraphs 1-21 as if fully-re-written.

a.      Facts Relevant to Defendant Addison Holdings LLC[3]

137.      In addition to the CAOT identified in Count IV, Defendant Addison may claim a security interest in certain tires pursuant to a purchase order financing agreement dated June 6, 2016 under which Landash purported to grant a security interest in certain OTR tires, some of which may be among the Tires at issue in this adversary proceeding.

138.      Upon information and belief, Addison did not file a UCC Financing Statement with respect to this transaction.

b.      Facts Relevant to Defendant Craig E. Donley[4]

139.      In addition to the CAOT identified in Count IV, Defendant Donley may claim a security interest in certain tires pursuant to a purchase order financing agreement dated June 6, 2016 under which Landash purported to grant a security interest in certain OTR tires, some of which may be among the Tires at issue in this adversary proceeding, but which are not identified by serial number.

140.      Upon information and belief, Donley did not file a UCC Financing Statement with respect to this transaction.

c.      Facts Relevant to Defendants Maurice Ellison

141.      Defendant Maurice Ellison ("Ellison") filed Proof of Claim No. 50 as a general unsecured claim in the Landash case.

142.      Ellison's proof of claim contains attached documents which reference a possible security interest in tires which Plaintiff does not believe are any of the Tires.

---

[3] A cause of action is also asserted against this Defendant in Count IV.
[4] A cause of action is also asserted against this Defendant in Count IV.

143.    Ellison's proof of claim states that the security documents are not attached to prove a security interest but to show efforts by Adkins to perpetuate his Ponzi scheme. Upon information and belief, Ellison did not file a UCC Financing Statement with respect to this transaction.

  d.  <u>Facts Relevant to WBL SPO 1, LLC</u>

144.     Defendant WBL SPO 1, LLC ("WBL") filed Proof of Claim No. 9 (Landash) and No. 15 (Adkins) as a general unsecured claim in the amount of $861,725.93.

145.    According to documents attached to the proof of claim, WBL and Landash are parties to a Business Promissory Note and Security Agreement dated January 5, 2017 which purports to grant a blanket security interest against Landash's assets.

146.    Upon information and belief, WBL has not filed a UCC Financing Statement relating to this transaction.

  e..  <u>Facts Relevant to Bruce Hann and Jan Shroy</u>

147.    Defendants, Bruce Hann ("Hann") and Jan Shroy ("Shroy") filed Proof of Claim No. 9 in the Adkins case as a secured claim in the amount of $1,354,861.14.

148.    Hann and Shroy obtained a pre-petition judgment against Defendant, Landash USA and Adkins.

149.  Hann and Shroy each filed certificates of judgment again Landash USA and Adkins with the Jackson County (Ohio) Recorder's Office (October 4, 2017) and the Athens County (Ohio) Recorder's Office (October 13, 2017).

150.    Upon information and belief, Hann and Shroy have not filed a UCC Financing Statement, filed a certificate of judgment in Texas, or taken any other action to perfect any interest in any of the Tires.

f..   <u>Facts Relevant to Knight Nguyen Investments</u>

151.   Defendant, Knight Nguyen Investments ("Knight") filed Proof of Claim No. 2 (Landash) and Proof of Claim No. 1 (Adkins) as a secured claim in the amount of $357,015.86 which purports to be secured by "Specific collateral and all assets located in Jackson County, Ohio."

152.   Knight attaches to its proof of claim an unfiled copy of a UCC Financing Statement.

154.   Upon information and belief, Knight has not filed a UCC Financing Statement or taken any other action to perfect any interest in any of the Tires.

g.   <u>Facts Relevant to Hamilton Distribution</u>

155.   Defendant, Hamilton Distribution LLC ("Hamilton") filed Proof of Claim No. 53 (Landash) and No. 61 (Adkins) as a general unsecured claim in the amount of $788,000.00.

156.   In its proof of claim, Hamilton asserts an ownership interest in 30 tires, some or all of which may be the Tires at issue in this adversary proceeding.

157.   In its proof of claim, Hamilton attaches a warehouse receipt from XPO which references 6 Goodyear tires without designation of serial numbers.

158.   Upon information and belief, Hamilton has not filed a UCC Financing Statement or taken any other action to perfect its claimed interest in any of the Tires.

h..   <u>Facts Relevant to Osborne Holdings LP</u>

159.   Defendant, Osborne Holdings LP ("Osborne") has filed Proof of Claim No. 23 (Landash) and No. 29 (Adkins) as a general unsecured claim in the amount of $1,592,680.51.

160.   Osborne's proof of claim indicates that the basis of its claim is "Money loaned purportedly for purchase of tires."

161.   Osborne has attached to its proof of claim a bill of sale from Midwest Coal LLC to Osborne relating to twelve 4000R57 Michelin XRDB mining tires, which are not identified by serial numbers, some or all of which may be Tires at issue in this adversary proceeding.

162.    Upon information and belief, Osborne has not filed a UCC Financing Statement or taken any other action to perfect its claimed interest in any of the Tires.

I. Facts Relevant to Wells Financing, Inc.

163.    Defendant, Wells Financing, Inc. ("Wells") filed Proof of Claim No. 54 (Landash) and No. 62(Adkins) as a general unsecured claim in the amount of $7,028,150.

164.    In its proof of claim, Wells asserts that it was a party to a series of transaction in which it purportedly purchased OTR tires, but which do not appear to be Tires at issue in this adversary proceeding.

165.    Upon information and belief, Wells has not filed a UCC Financing Statement or taken any other action to perfect any claimed interest in any of the Tires.

j.    Facts Relevant to OTR Tires Direct, Inc.

166.    Defendant, OTR Tires Direct Inc. ("OTR") has filed Proof of Claim No. 11 in the Adkins case.

167.    This proof of claim is a filed as a general unsecured claim in the amount of $5,198,300.00 and the basis for the claim is "Money wired to purchase goods (tires) for inventory and resale; it was determined Adkins kept (Stole) the money."

168.    Plaintiff is unaware of any basis upon which OTR Tires Direct, Inc. could claim an interest in all or any of the Tires, but names it as a Defendant because Riggs claims he has a security interest in some or all of the Tires because such Tires are owned by OTR Tires Direct, Inc.

169.    Upon information and belief, OTR Tires Direct, Inc. has not filed a UCC Financing Statement or taken any other action to perfect any claimed interest in any of the Tires.

k.    Relief Sought

170.    Defendants Addison, Donley, Ellison, Hann and Shroy, Knight, Hamilton, OTR, Wells, WBL and Osborne will be referred to collectively as "Count V Defendants".

171.    Upon information and belief, none of the Class V Defendants has filed a UCC Financing Statement with respect to all or any of the Tires.

172.    Upon information and belief, none of the Class V Defendants has a perfected security interest against any of the Tires under any other applicable law.

173.    Section 544(a) of the Bankruptcy Code (11 U.S.C. Section 544(a)) provides:

(a)   The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1)   a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2)   a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3)   a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

174.    Pursuant to 11 U.S.C. Section 544(a), Plaintiff may avoid the unperfected security interests of the Count V Defendants in any of the Tires.

175.    The purported granting of a security interest by Landash to each Class V Defendant as alleged in this Count, shall be referred to in this Count as "Transfer".

176.    Each Transfer constitutes the transfer of an interest of the Debtor Landash in property.

177.    Each Transfer constitutes a transfer to or for the benefit of each Class V Defendant, a creditor of the Landash.

178.    Each Transfer constitutes a transfer on or account of an antecedent debt owed by Landash before such transfer was made.

179.    Each Transfer was made while the Landash was insolvent.

180.    Each Transfer was made on or within 90 days before the date of the filing of the Landash's bankruptcy petition pursuant to 11 U.S.C. Section 547(e)(2)(C) in that it is deemed to have been made immediately before the filing of the bankruptcy case.

181.    Each Transfer enables each Count V Defendant to receive more than it would receive if this case were a case under Chapter 7 of the Bankruptcy Code, the Transfer had not been made, and each Count V Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

182.    Each Transfer constitutes a preferential transfer avoidable by Plaintiff pursuant to 11 U.S.C. §547.

183.    Pursuant to 11 U.S.C. Section 550, Plaintiff may recover the interest from each of the Count V Defendants and pursuant to 11 U.S.C. Section 551, such avoided interests are preserved for the benefit of the bankruptcy estate.

184.    Plaintiff is entitled to a judgment against all Count V Defendants pursuant to Section 544(a) and Section 547(b), avoiding the unperfected security interests of the Count V Defendants in any of the Tires, and, pursuant to 11 U.S.C. Section 550, a judgment directing the recovery of such the interest from each of the Count V Defendants and pursuant to 11 U.S.C. Section 551, preserving such avoided interests for the benefit of the bankruptcy estate.

**Count VI:  Parties with Filed UCC Financing Statements**

185.    Plaintiff incorporates and re-alleges Paragraphs 1-21 as if fully-re-written.

186.    The following Defendants are listed as secured creditors in Debtor's Schedule D and these Defendants have filed one or more UCC Financing Statements:  Abington Emerson Capital LLC ("Abington"), Great Southland LTD ("GSL"), Jenvic Holdings LLC ("Jenvic"), and Vecron Exim Ltd ("Vecron")(Collectively, "Count VI Defendants").

187.    While each of the Count VI Defendants has filed in Delaware one or more UCC Financing Statements, upon information and belief, some of these financing statements may have been released or terminated without authorization.

188.    Abington has filed Proof of Claim No. 48 (Landash) and No. 57 (Adkins) as a secured claim in the amount of $4,872,936.67.

189.    Abington filed a UCC Financing Statement in Delaware on March 18, 2015 and claims a security interest in 24 Michelin XDR2 tires, 23 of which are Tires at issue in this adversary proceeding.

190.    GSL has filed Proof of Claim No. 41 (Landash) and No. 47 (Adkins) as a secured claim in the amount of $2,824,352.30.

191.    GSL filed, in Delaware, UCC Financing Statements and other related documents on April 6, 2017, April 7, 2016, April 11, 2016, April 12, 2016, September 20, 2016, and November 10, 2016, and claims a security interest in 36 Goodyear tires, which are Tires at issue in this adversary proceeding, as well as a blanket lien against Debtor's assets.

192.    Jenvic has filed Proof of Claim No. 51 (Landash) and No. 60 (Adkins) as a secured claim in the amount of $3,362,858.59.

193.    Jenvic has filed UCC Financing Statements in Delaware, beginning on September 26, 2016 and claims a security interest in certain Tires as well as a blanket lien against Debtor's assets.

194.    Vecron has filed Proof of Claim No. 31(Landash) as a secured claim in the amount of $3,179,192.32.

195.    Vecron filed a UCC Financing Statement in Delaware on March 4, 2016 which claims a blanket security interest in Debtor's assets.

196.    Count VI Defendants may claim conflicting liens or priority of lien with respect to some or all of the Tires.

197.    Other Defendants claim or may claim ownership, security, or other interests in some or all of the Tires that such Defendants assert are superior to any rights held by Count VI Defendants.

198.    Any Count VI Defendant who asserts an ownership, security, or other interest in any or all of the Tires must file an answer to this Complaint setting forth in detail such party's claimed interest in the Tires, including the specific Tires in which an interest is claimed.

199.    Any Count VI Defendant who asserts an interest in any of the Tires and whose interest would have caused Plaintiff to include such Defendant in another Count of this Complain shall be treated as a Defendant in such Count, and subject to the same relief sought, without the need for amendment of this Complaint.

200.    Any Count VI Defendant who does not file an answer or other response to this Complaint and who does not assert an interest in the Tires will be deemed to have no interest of any kind in any of the Tires.

201.    Any Defendant, other than a Count VI Defendant who asserts a claim of ownership, security, or other interests in some or all of the Tires that such Defendants assert are superior to any rights held by Count V Defendants must file an file an answer to this Complaint setting forth in detail such party's claimed interest in the Tires, including the specific Tires in which an interest is claimed and the basis for such interest.

202.    Plaintiff is entitled to a judgment finding and declaring the interests of Class VI Defendants in the Tires.

### Count VII:      Parties with Alleged Ownership or Security Interests in Tires

203.    Plaintiff incorporates and re-alleges Paragraphs 1-21 as if fully-re-written.

a.      Facts Relevant to Houston Goodyear Joint Venture

204.    Defendant, Houston Goodyear Joint Venture ("Houston") has filed Proof of Claim No. 14 (Landash) and No. 20 (Adkins)as a general unsecured claim in the amount of $1,188,000.00.

205.    Houston's proof of claim indicates that the basis of its claim is the "Purchase of 18 tires never received."

209.    Houston attached an illegible invoice to its claim as well as a warehouse receipt wish receipt references 18 Goodyear 46/90R57 tires, with no serial numbers identified.

206.    Houston filed an objection to the Sale Motion (Doc 83 in Debtor's main case) which objected to the sale but which did not reference any specific tires that it claimed to own.  Houston later withdrew its objection.

207.    Upon information and belief, Houston has not filed a UCC Financing Statement or taken any other action to perfect its claimed interest in any of the Tires.

b.    <u>Facts Relevant to King Tire Allocation Transfer 2 Joint Venture</u>

208.    Defendant, King Tire Allocation Transfer 2 Joint Venture ("King Tire") has filed Proof of Claim No. 13 (Landash) and No. 19 (Adkins) as a general unsecured claim in the amount of $1,304,000.00.

209.    King Tires's proof of claim indicates that the basis of its claim is the "Purchase of 24 tires never received."

210.    King Tire attached an invoice to its claim from King Tire Service, Inc. to Laurita Mining Inc. as well as a warehouse receipt wish receipt references 4 Firestone and 20 Bridgestone tires, with no serial numbers identified.

211.    King Tire filed an objection to the Sale Motion (Doc 83 in Debtor's main case) which objected to the sale but which did not reference any specific tires that it claimed to own.  King Tire later withdrew its objection.

212.    Upon information and belief, King Tire has not filed a UCC Financing Statement or taken any other action to perfect its claimed interest in any of the Tires.

c.      Facts Relevant to Terre Roche LLC

213.    Defendant, Terre Roche LLC ("Terre Roche") has filed Proof of Claim No. 15 (Landash) and No. 21 (Adkins) as a general unsecured claim in the amount of $1,632,000.00.

214.    Terre Roche's proof of claim indicates that the basis of its claim is the "Purchase of 24 tires never received."

215.    Terre Roche attached documents to its claim from which reference 24 Michelin tires, with serial numbers identified.

216.    Terre Roche filed an objection to the Sale Motion which objected to the sale but which only referenced 8 Michelin tires, which are Tires at issue in this adversary proceeding..  Terre Roche's objection was overruled in the Sale Order as to the sale of any Tires in which Terre Roche claimed an interest.

217.    Upon information and belief, Terre Roche has not filed a UCC Financing Statement or taken any other action to perfect its claimed interest in any of the Tires.

d.      Facts Relevant to Kirby Development LLC

218.    Defendant, Kirby Development LLC ("Kirby") has filed Proof of Claim No. 40 (Landash) and No. 46 (Adkins) in the amount of $6,691,000.00, with $3,000,000.00 of this amount claimed as a secured claim.

219.    Kirby's' proof of claim indicates that the basis of its claim is the "ownership of goods and fraud"

220.   Kirby attaches an addendum but no documents to its proof of claim. Kirby claims ownership of 200 tires but the claim states that no serial numbers of the tires purchased were provided to it.

221.   Kirby filed a pleading in support of the Sale Motion which supported the sale but which repeated its ownership claim to tires, this time to 73 of the Tires at issue in the adversary proceeding, with serial numbers identified.

222.    Upon information and belief, Kirby has not filed a UCC Financing Statement or taken any other action to perfect its claimed interest in any of the Tires.

e.. Facts Relevant to Origin Mining PTE Ltd

223.    Defendant, Origin Mining PTE Ltd ("Origin Mining") has filed Proof of Claim No. 52 (Landash) as a general unsecured claim in the amount of $1,401,008.00.

224.    Origin Mining's proof of claim indicates that the basis of its claim is the "Fraud, conversion, conspiracy concerning 36 tires."

225.  Origin Mining attached documents to its clam which reference 36 Goodyear tires, with serial numbers identified.

226. Origin Mining filed an objection to the Sale Motion) which objected to the sale of 36 tires. Origin Mining later withdrew its objection.

227.    Upon information and belief, Origin Mining has not filed a UCC Financing Statement or taken any other action to perfect its claimed interest in any of the Tires.

f.      Facts Relevant to John O'Connor

228.    Defendant, John O'Connor ("O'Connor") filed Proof of Claim No. 51 in the Adkins case as a general unsecured claim in the amount of $1,000,000.00.

229.    The basis for O'Connor's claim is listed as "Tires purchased by Kirby Development LLC stored at XPO Logistics in Houston, TX.  Adkins took and sold tires."

230.    O'Connor does not assert a basis for ownership in all or any of the Tires.

231.    Upon information and belief, O'Connor has not filed a UCC Financing Statement or taken any other action to perfect any claimed interest in any of the Tires.

g.      Facts Relevant to Defendant Charles B. Riggs

232.    Defendant Charles B. Riggs ("Riggs") filed Proof of Claim No. 24 (Landash) and no. 31 (Adkins) as a general unsecured claim.

233.     In his proof of claim, Riggs states that he has a security interest in tires that were to be purchased by Defendant OTR Tires Direct, an entity in which Adkins is the majority shareholder and an officer.

234.     Riggs objected to the Sale Motion on the basis that some of the Tires might actually be owned by OTR Tires Direct.  Riggs later withdrew his objection.

235.     Upon information and belief, Riggs has not filed a UCC Financing Statement against Debtor relating to all or any of the Tires.

h.     Facts Relevant to Meridian PO Finance LLC

236.     Defendant Meridian PO Finance LLC ("Meridian") has not filed a proof of claim in either the Adkins or Landash's case.

237.     Meridian filed an Objection to the Sale Motion (Doc 112 in Debtor's main case) which alleged alternatively a security interest or an ownership interest in certain OTR tires, including some of the Tires.

238.     Meridian claims a security interest in certain OTR tires.

239.     Meridian and OTR Tire Group Corporation are parties to a purchase order financing loan and security agreements dated September 5, 2014 September 11, 2014, and filed a UCC Financing Statements against OTR Tire Group Corporation and against Midwest Coal.

240.     Upon information and belief, Meridian has not filed a UCC Financing Statement against Debtor or Adkins.

i.     Relief Sought—Declaratory Judgment Relating to Interest in Tires

241.     Houston, King Tire, Terre Roche, Kirby, Meridian, Origin Mining, Riggs, and O'Connor, shall be referred to collectively as "Count VII Defendants".

242.     Any Count VII Defendant who asserts an ownership, security, or other interest in any or all of the Tires must file an answer to this Complaint setting forth in detail such party's claimed interest in the Tires, including the specific Tires in which an interest is claimed.

243.   Any Count VII Defendant who asserts an interest in any of the Tires and whose interest would have caused Plaintiff to include such Defendant in another Count of this Complaint shall be treated as a Defendant in such Count without the need for amendment of this Complaint.

244.   Any Count VII Defendant who does not file an answer or other response to this Complaint and who does not assert an interest in the Tires will be deemed to have no interest of any kind in any of the Tires.

245.   Plaintiff is entitled to a judgment finding and declaring the rights of all Count VII Defendants in any of the Tires.

j..   Relief Sought—Avoidance of Unperfected Security Interests

246.   To the extent that the Court finds no ownership interest in the Tires as to any Count VII Defendant, Although Count VII Defendants claim an ownership interest in certain of the Tires, Count VII Defendants in fact entered into financing or other loan agreements with Debtor or related entities.

247.   As a result of these disguised financing or other loan agreements, Count VII Defendants have, at best, a security interest in certain Tires.

248.   None of the Class VII Defendants has filed a UCC Financing Statement with respect to any Tires in which it claims an interest.

249.   None of the Class VII Defendants has a perfected security interest against any of the Tires under Ohio law or any other applicable law.

250.   Section 544(a) of the Bankruptcy Code (11 U.S.C. Section 544(a)) provides:

(a)   The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1)   a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2)    a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3)    a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

251.    Pursuant to 11 U.S.C. Section 544(a), Plaintiff may avoid the unperfected security interests of the Count VII Defendants in any of the Tires.

252.    Pursuant to 11 U.S.C. Section 550, Plaintiff may recover the interest from each of the Count VI Defendants and pursuant to 11 U.S.C. Section 551, such avoided interests are preserved for the benefit of the bankruptcy estate.

253.    Plaintiff is entitled to a judgment against all Count VII Defendants pursuant to Section 544(a), avoiding the unperfected security interests of the Count VII Defendants in any of the Tires, and, pursuant to 11 U.S.C. Section 550, a judgment directing the recovery of such the interest from each of the Count VI Defendants and pursuant to 11 U.S.C. Section 551, preserving such avoided interests for the benefit of the bankruptcy estate.

**Count VIII:  Consent to Trustee's Carve-Out and Relief under 11 U.S.C. Section 506(c)**

254.    Plaintiff incorporates and re-alleges Paragraphs 1-21 as if fully-re-written.

255.    In the Sale Motion, Trustee requested a carve-out of ten percent of the gross sale proceeds be retained by her for the benefit of the bankruptcy estate ("Carve-Out").

256.    Although several parties objected to the Sale Motion, no party specifically objected to the Carve-Out, although Terre Roche and Meridian did raise the issue at the hearing on the Sale Motion and the Sale Order made an exception to the Carve-Out to the proceeds of any Tires subsequently determined to be owned by Terre Roche or Meridian and any other party not consenting to the Carve-Out.

257.   Any party not objecting to the Carve-Out in its answer shall be deemed to consent to the Carve-Out.

258.   Section 506(c) of the Bankruptcy Code (11 U.S.C. Section 506) provides:

The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

259.   Plaintiff is entitled to an award under Section 506(c) with respect to the Tires, in an amount to be determined at trial as to any party who does not consent to the Carve-Out.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.   As to Count I, a judgment finding and declaring that Count I Defendants have no interest of any kind in any of the Tires;

2.   As to Count II, a judgment finding and declaring that Count II Defendants have no interest of any kind in any of the Tires;

3.   As to Count III, a judgment finding and declaring that Count III Defendants have no interest of any kind in any of the Tires;

4.   As to Count IV, a judgment against all Count IV Defendants pursuant to 11 U.S.C Section 544(a) and Section 547, avoiding the unperfected security interests of the Count IV Defendants in any of the Tires, and, pursuant to 11 U.S.C. Section 550, a judgment directing the recovery of such the interest from each of the Count IV Defendants and pursuant to 11 U.S.C. Section 551, preserving such avoided interests for the benefit of the bankruptcy estate;

5.   As to Count V, a judgment against all Count V Defendants pursuant to 11 U.S.C. Section 544(a) and Section 547, avoiding any unperfected security interests of the Count V Defendants in any of the Tires, and, pursuant to 11 U.S.C. Section 550, a judgment directing the recovery of such the interest from each of the Count V Defendants and pursuant to 11 U.S.C. Section 551, preserving such avoided interests for the benefit of the bankruptcy estate;

6.     As to Count VI, a judgment finding and declaring the interests of Class VI Defendants in the Tires;

7.     As to Count VII, a judgment finding and declaring that the rights of all Count VII Defendants in any of the Tires are inferior to Plaintiff's rights in the Tires and a judgment against all Count VII Defendants pursuant to 11 U.S.C. Section 544(a) and Section 547, avoiding the unperfected security interests of the Count VII Defendants in any of the Tires, and, pursuant to 11 U.S.C. Section 550, a judgment directing the recovery of such the interest from each of the Count VII Defendants and pursuant to 11 U.S.C. Section 551, preserving such avoided interests for the benefit of the bankruptcy estate;

8.     As to Count VIII, a judgment determining consent to the Carve-Out and/or an award under Section 506(c) with respect to the Tires, in an amount to be determined at trial;

9.     As to all Counts, for such other relief as this Court deems necessary or appropriate.

<div style="margin-left:40%;">

Respectfully submitted,
LUPER NEIDENTHAL & LOGAN
A Legal Professional Association


/s/  Kenneth M. Richards
Kenneth M. Richards, Case Attorney
for Plaintiff, Amy L. Bostic, Trustee
1160 Dublin Road, Suite 400
Columbus, OH 43215
(614) 221-7663  Fax (866) 345-4948
Supreme Court number:  0040455
krichards@LNLattorneys.com

</div>